# WILLIAM J. SULLIVAN *v.* ANDREW J. MCDONALD ET AL.
## (SC 17728)

Bishop, DiPentima, McLachlan, Gruendel, Harper, Rogers and Lavine, Js.

Argued November 1, 2006—officially released January 12, 2007*

*Richard Blumenthal*, attorney general, with whom were *Gregory T. D'Auria*, associate attorney general, *Jane R. Rosenberg*, assistant attorney general, and, on the brief, *Susan Quinn Cobb* and *Robert W. Clark*, assistant attorneys general, for the appellants (defendants).

*Edward Maum Sheehy*, with whom were *Robert J. Cooney* and *Suzannah K. Nigro*, for the appellee (plaintiff).

---

* January 12, 2007, the date this decision was released as a slip opinion is the operative date for all substantive and procedural purposes.

*Steven D. Ecker*, with whom, on the brief, was *Andrew D. O'Toole*, for the appellee (intervenor state judicial branch).

## ORDER

PER CURIAM. The record in this appeal reflects the following relevant procedural history. On June 21, 2006, the defendants, Senator Andrew J. McDonald and Representative Michael P. Lawlor, cochairmen of the judiciary committee of the General Assembly (committee), issued a subpoena to the plaintiff, former Chief Justice William J. Sullivan, commanding him to appear before the committee on June 27, 2006, to give testimony concerning "the facts and circumstances surrounding your actions, as former Chief Justice of the Connecticut Supreme Court, in delaying the release of *Clerk of the Superior Court* v. *Freedom of Information Commission*, 278 Conn. 28 [895 A.2d 743] (2006), and current Supreme Court practices."

On June 23, 2006, Justice Sullivan filed an action seeking (1) an ex parte temporary injunction to quash the subpoena until such time as the court conducted a full hearing on Justice Sullivan's request for a temporary and permanent injunction to quash the subpoena and (2) a temporary and permanent injunction quashing the subpoena. After denying the request for ex parte relief, the court scheduled a hearing on Justice Sullivan's motions for June 26, 2006, at which all parties appeared through their attorneys. At the hearing, the judicial branch of the state of Connecticut sought, and was granted, permission to intervene as a plaintiff in the case. Following the hearing, the court issued an oral ruling, followed by a written decision, granting the motion to quash and issuing a temporary injunction preventing the defendants from compelling the attendance of Justice Sullivan at the hearing scheduled for June 27, 2006, and in the future. Later, on August 24,

2006, in response to the defendants' requests for reargument and reconsideration, the court issued a written memorandum through which it affirmed its original decision.

Thereafter, the defendants timely filed a petition, pursuant to General Statutes § 52-265a, for certification to appeal from the judgment of the trial court. After the defendants' petition was granted, the parties filed briefs, after which this court, on November 1, 2006, heard oral argument. The next event of procedural moment was this court's receipt of a document filed on behalf of Justice Sullivan on December 21, 2006, and captioned "Notice to Court." Annexed to the pleading was a letter from Justice Sullivan to Senator McDonald stating as follows: "This is to advise you that I will voluntarily appear before the Judiciary Committee to answer any questions that you may have. The impediment to my testifying before your Committee does not exist any longer since my hearing before the Judicial Review Council has concluded and a decision has been rendered." On the basis of this letter, counsel for Justice Sullivan stated: "In light of this, it would appear that the appeal is moot."

By a pleading of the same date, the defendants filed a "Response to Notice to Court," which stated: "The Defendants-Appellants wish to inform this Court that they disagree with the suggestion that Justice Sullivan's letter to them, by itself, renders their appeal moot." On the same date, this court, in turn, issued an order to counsel to file simultaneous supplemental briefs on the issue of "whether the notice to the court dated December 21, 2006, and the accompanying letter dated December 20, 2006, have rendered this appeal moot." Counsel for the plaintiff and the defendants have timely filed their briefs.[1]

---

[1] The judicial branch also filed a brief indicating that it took no position on whether the appeal is moot.

It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. *Lichtman* v. *Beni*, 280 Conn. 25, 30, 905 A.2d 647 (2006). "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Private Healthcare Systems, Inc.* v. *Torres*, 278 Conn. 291, 298–99, 898 A.2d 768 (2006).

Justice Sullivan claims that because he has agreed voluntarily to testify before the committee, there is no actual controversy between the parties for this court to resolve. The defendants argue that if this court were to decide that the matter is moot before Justice Sullivan testifies, and if he were then to refuse to testify fully at the hearing, the defendants would be left with no option but to subpoena him again, potentially restarting the chain of events that led to this appeal.

It appears to this court that there may not, in fact, be an actual controversy between the parties because Justice Sullivan has agreed to answer voluntarily any questions that the defendants may have. The defendants have stated that they plan to schedule a hearing in the near future. The court is, nevertheless, mindful that the defendants have stated that they are reluctant to proceed in the face of an ongoing injunction. The

exchange of letters between the parties demonstrates to this court that they may be on the verge of rendering the resolution of this appeal unnecessary.

In response to Justice Sullivan's letter stating his willingness to appear before the committee to answer "any questions that you may have," the defendants wrote: "We are pleased that you have modified your position and decided to submit to the jurisdiction of the Judiciary Committee in its investigation of your conduct related to the delay of the release of [the decision in *Clerk of the Superior Court* v. *Freedom of Information Commission*, supra, 278 Conn. 28] and its impact on the discharge of the Committee's constitutional obligations. However, we disagree that your letter renders our Supreme Court appeal moot, as you stated in your December 21, 2006 notice to the court. We intend to schedule the first day of those hearings as soon as possible, after the start of the new legislative session, and will let you know the date you will be called to testify under oath." Subsequently, in his brief on this issue, counsel for the defendants represented: "The Co-Chairs did not establish a specific date for a hearing, in part, because an injunction remains in place at this time prohibiting them from compelling Justice Sullivan's attendance. The Co-Chairs are concerned that if they go forward and question Justice Sullivan at this time, they run a risk of violating the trial court's outstanding orders."[2] Thus, from this exchange, we are informed that Justice Sullivan is willing to answer any questions before the committee and the defendants, in turn, intend to schedule a hearing early in the legislative

[2] While the law and procedure regarding the continuing viability of an injunction from which an appeal has been taken is somewhat murky, particularly in regard to a temporary injunction which has been appealed by leave pursuant to § 52-265a, it appears from our decisional law that there is no automatic stay on appeal from the trial court's issuance of a prohibitory injunction. See *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 652–58, 646 A.2d 133 (1994).

session, which, we note, has begun, but that the defendants may be hesitant to act in the face of an ongoing injunction.

Representations made by the parties on appeal that, if fulfilled, would render the appeal moot may be considered in determining the issue of mootness. *Ayala* v. *Smith*, 236 Conn. 89, 93–94, 671 A.2d 345 (1996). When the parties are public officials, the court may place greater stock in their representations than the court otherwise might. *Magnuson* v. *Hickory Hills*, 933 F.2d 562, 565 (7th Cir. 1991).

While we recognize our role as the ultimate interpreter of the constitution; *Sheff* v. *O'Neill*, 238 Conn. 1, 13–14, 678 A.2d 1267 (1996); and "[i]t is emphatically the province and duty of the judicial department to say what the law is"; *Marbury* v. *Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed. 60 (1803); courts have a duty to avoid unnecessary constitutional issues. *United States* v. *Rumely*, 345 U.S. 41, 45–46, 73 S. Ct. 543, 97 L. Ed. 770 (1953). When constitutional disputes arise concerning the respective powers of the coordinate branches of government, judicial intervention should be delayed until all possibilities of settlement have been exhausted. See *United States* v. *American Telephone & Telegraph*, 551 F.2d 384, 394 (D.C. Cir. 1976). Judicial restraint is essential to maintain the delicate balance of powers among the branches established by the constitution. See id. This is a controversy that raises constitutional questions in the context of an interbranch dispute. The court should not address these issues until circumstances indicate that judicial intervention is necessary. *United States* v. *House of Representatives*, 556 F. Sup. 150, 152 (D.D.C. 1983).

Mindful that a hearing may shortly be scheduled that could, in fact, render this appeal moot, it is this court's determination that its most appropriate present

response is to facilitate the process initiated by the parties, which could render the resolution of this appeal unnecessary. Accordingly, pursuant to this court's supervisory authority; Practice Book § 60-2; the orders of the trial court are hereby stayed pending further order of this court. In entering this order, we accept the mutual representations and commitments made by the parties to each other and to this court. This court retains jurisdiction over this appeal.