CARL BORNEMANN ET AL. *v.* CONNECTICUT SITING
COUNCIL ET AL.
(SC 17984)

Vertefeuille, Zarella, Schaller, Sullivan and Doherty, Js.

Argued April 16—officially released June 3, 2008

*Gabriel North Seymour* and *Whitney North Seymour, Jr.*, pro hac vice, for the appellants (plaintiffs).

*Robert L. Marconi*, assistant attorney general, with whom was *Jennifer A. Herz*, certified legal intern, for the appellee (named defendant).

*Wayne F. Dennison*, pro hac vice, with whom, on the brief, was *Elizabeth T. Arana*, for the appellee (defendant Nextel Communications, Inc.).

*Opinion*

PER CURIAM. The defendant Nextel Communications, Inc. (Nextel), obtained from the named defendant, the Connecticut Siting Council (council), the approval necessary to construct a cellular tower on certain real property owned by the Carl and Barbara Bornemann Family Trust without a certificate of environmental compatibility and public need as required by General Statutes § 16-50k.[1] Thereafter, the named plaintiff, Carl Bornemann, filed a petition for a declaratory ruling with the council, requesting that the council void Nextel's approval, and seeking other relief. The plaintiff EMR Policy Institute, Inc. (institute), intervened in the administrative proceedings on Bornemann's petition. The council thereafter vacated its approval of Nextel's petition at Nextel's request, and dismissed Bornemann's petition as moot. The plaintiffs

---

[1] General Statutes § 16-50k (a) provides in relevant part: "[N]o person shall . . . commence the preparation of the site for, or commence the construction or supplying of a facility, or commence any modification of a facility, that may, as determined by the council, have a substantial adverse environmental effect in the state without having first obtained a certificate of environmental compatibility and public need, hereinafter referred to as a 'certificate', issued with respect to such facility or modification by the council . . . ."

We note that minor technical changes, not relevant to this appeal, were made to § 16-50k (a) subsequent to the time of Nextel's petition to the council. For purposes of convenience, we refer to the present revision of the statute.

then appealed from the dismissal of the petition to the Superior Court, which dismissed the plaintiffs' appeal as moot. Thereafter, the plaintiffs appealed[2] from the judgment of the trial court dismissing their appeal, claiming, inter alia, that the trial court improperly dismissed their appeal as moot. We disagree.

The following undisputed facts and procedural history are necessary to our resolution of this appeal. The Connecticut Light and Power Company (power company)[3] operates an electric transmission facility on property in Canaan owned by the Carl and Barbara Bornemann Family Trust. The power company gave permission to Nextel to modify its transmission facility by installing six antennas on a nineteen foot pole extension and locating Nextel's associated equipment and improvements within the existing power company easement. Thereafter, Nextel petitioned the council for a declaratory ruling that no certificate of environmental compatibility and public need was required under § 16-50k to install the antennas and the related equipment. The council approved Nextel's petition on January 24, 2005, finding that Nextel's proposal would not have a substantial adverse environmental effect.

Approximately fifteen months later, on April 18, 2006, Bornemann filed a petition with the council, requesting that the council: (1) void its approval of Nextel's petition; (2) determine that Nextel's petition was false and misleading; (3) direct Nextel to pay for research concerning the biological effects of emissions from the proposed cellular tower; (4) suspend construction, installation and operation of any cellular towers by Nextel in the vicinity of the property; and (5) direct

---

[2] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The power company was not a party to any of the proceedings before the council or to any of the subsequent appeals therefrom.

Nextel to pay Bornemann's costs and attorney's fees. In a letter dated October 6, 2006, Nextel informed the council that no construction of the cellular tower had taken place, and, further, that as a result of a merger between Sprint Corporation and Nextel in August, 2005, Nextel[4] had determined that it would not proceed to construct the proposed tower. In its notification to the council, Nextel reserved the right to seek the council's approval of a telecommunications facility at the property, or any location in the vicinity thereof, in the future if Nextel determined that such a facility was necessary to meet its coverage needs.

The council thereafter vacated its decision approving Nextel's petition and informed Nextel that if it wished to pursue construction at this site in the future, Nextel would be required to file a new petition with the council. The council also dismissed Bornemann's petition on the ground that it had been rendered moot by the council's vacatur of its approval of Nextel's petition.

Pursuant to General Statutes §§ 4-183 (a),[5] 16-50q[6] and 22a-19 (a),[7] both Bornemann and the institute

---

[4] The merger between Sprint Corporation and Nextel formed Sprint Nextel Corporation. For convenience, we refer to the surviving corporation as Nextel throughout this opinion.

[5] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[6] General Statutes § 16-50q provides: "Any party may obtain judicial review of an order issued on an application for a certificate or an amendment of a certificate in accordance with the provisions of section 4-183. Any judicial review sought pursuant to this chapter shall be privileged in respect to assignment for trial in the Superior Court."

[7] General Statutes § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting,

appealed to the trial court from the council's decision dismissing Bornemann's petition. The plaintiffs contended that the council's decision was contrary to state and federal law, an abuse of the council's discretion, and arbitrary and capricious.

The defendants then filed separate motions to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction on the ground that the plaintiffs' appeal was moot.[8] After an evidentiary hearing, the trial court granted the defendants' motions to dismiss, concluding that the appeal was moot because there was no practical relief that could be granted.[9] This appeal followed.

In this administrative appeal from the action of the council, the trial court acted as an appellate court reviewing the decision of the council dismissing the plaintiffs' appeal as moot. "It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an

impairing or destroying the public trust in the air, water or other natural resources of the state."

[8] Nextel also alleged that the plaintiffs lacked standing to pursue the appeal because they were not aggrieved.

[9] The trial court also concluded that the plaintiffs lacked aggrievement. Because we conclude that the appeal is moot, we need not address whether the plaintiffs were aggrieved.

appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; internal quotation marks omitted.) *Sullivan* v. *McDonald*, 281 Conn. 122, 125, 913 A.2d 403 (2007). "[W]hen events have occurred that preclude an appellate court from granting any practical relief through a disposition on the merits, the case is moot and must be dismissed for lack of subject matter jurisdiction." *Blesso Fire Systems, Inc.* v. *Eastern Connecticut State University*, 245 Conn. 252, 256, 713 A.2d 1283 (1998).

In the present case, we conclude that the trial court properly determined that the plaintiffs' appeal was moot because the council could not have granted any practical relief. In their petition for a declaratory ruling, the plaintiffs challenged the council's prior approval of Nextel's petition. Before the council could hold a hearing on the plaintiffs' petition, however, Nextel indicated that it was no longer interested in constructing a cellular tower on the proposed site, and the council accordingly vacated its approval of Nextel's petition. Once the council vacated its approval of Nextel's petition, neither the council nor a reviewing court could grant any practical relief to the plaintiffs because the relief that they had sought, namely, that the council void its approval of Nextel's petition, already had been granted.

The plaintiffs claim that the council's vacatur of its approval of Nextel's petition did not render its claims moot because they had sought to *void* the council's approval of Nextel's petition and the council had instead *vacated* its approval without prejudice. The record reveals, however, that the council clearly informed Nextel that if it wished again to pursue a cellular tower at this property, it would be required to submit a new petition and obtain council approval for such action. We do not perceive any practical difference between

the council's vacating of its approval of Nextel's petition, and the voiding of it as the plaintiffs sought, and we cannot conclude that any possible distinction somehow saves the plaintiffs' claims from mootness.

The plaintiffs further claim that their appeal is not moot because their petition raised other claims for relief that have not been resolved, namely, their request that Nextel should be required to fund independent research on the biological effects of high frequency radio wave emissions on wildlife, and that Nextel should pay the plaintiffs' costs and attorney's fees. These claims, however, were ancillary to the plaintiffs' primary request for relief and, moreover, were beyond the statutory authority of the council. Accordingly, we conclude that the trial court properly dismissed the plaintiffs' appeal for lack of subject matter jurisdiction on the ground that it is moot.[10]

The appeal is dismissed.

---

[10] The plaintiffs also claim that their appeal is not moot because of the "capable of repetition, yet evading review" exception to the mootness doctrine. The plaintiffs did not raise this claim in the trial court. Accordingly, we decline to review it. See Practice Book § 60-5 ("court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").