## STEPNEY, LLC *v.* TOWN OF FAIRFIELD
### (SC 16929)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 13—officially released May 20, 2003

*James T. Baldwin*, for the appellant (defendant).

*George W. Ganim, Jr.*, for the appellee (plaintiff).

*Opinion*

KATZ, J. The dispositive issue in this appeal[1] is whether the trial court had jurisdiction to consider the action by the plaintiff, Stepney, LLC, seeking to enjoin the defendant, the town of Fairfield, acting through the town's board of health and its director, Arthur Leffert, from enforcing a certain town health code ordinance. We conclude that, because the plaintiff failed to exhaust its administrative remedies, the trial court improperly exercised jurisdiction over this action. Accordingly, we reverse the trial court's judgment in favor of the plaintiff and order that the action be dismissed.

The record reveals the following facts and procedural history. The plaintiff, a limited liability corporation, owns two single-family homes, located at 989 and 1019 Fairfield Beach Road in Fairfield, and for many years has rented both properties to various tenants. Through-

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

out this rental period until approximately 1999, the plaintiff annually completed an application for, and obtained, a certificate of rental occupancy (certificate) in compliance with the town's health code regulations governing rental dwellings, specifically regulation 3.3.[2]

In 1999, the defendant amended regulation 3.3 to require, in addition to the existing requirement that no false statement be made concerning specified tenant information, that applicants make no false statement concerning "any other information requested on [the] application form or by the Director of Health." Thereafter, the defendant amended the application form to require an applicant to: (1) provide tenants' license plate numbers; and (2) obtain tenants' signatures on a form certifying that they will comply with "applicable regulations, ordinances, and statutes" and that they will not exceed occupancy limitations. Despite the fact that both of its properties were rented in 1999, the plaintiff failed to apply for certificates that year. On July 13, 2000, the plaintiff served this action on the defendant, challenging the validity of regulation 3.3 and seeking declaratory and injunctive relief. Specifically, the plaintiff contended that the enactment of the regulation was an ultra vires act by the defendant in excess of its statutory authority under General Statutes § 19a-207,[3]

[2] Regulation 3.3 of the Fairfield public health code provides in relevant part: "No person, firm, corporation, or agent thereof, shall rent to another or permit the occupation by another, of any dwelling until a Certificate of Rental Occupancy has been issued by the Director of Health. Any certificate so issued shall state that the dwelling to be occupied complies with all provisions of this Code.

"The fee for said Certificate of Rental Occupancy (CRO) shall be twenty-five ($25.) dollars for each dwelling unit occupied. No person filing an application for a CRO shall make any false statements concerning but not limited to the names, ages, relationship or number of persons who will occupy a dwelling unit or any other information requested on said application form or by the Director of Health. . . ."

[3] General Statutes § 19a-207 provides: "The local director of health or his authorized agent or the board of health shall enforce or assist in the enforcement of the Public Health Code and such regulations as may be adopted by the Commissioner of Public Health. Towns, cities and boroughs

and that the regulation was unconstitutional on various grounds.[4] On July 18, 2000, the defendant, through Leffert, issued an order of compliance, pursuant to § 19a-207, ordering the plaintiff to apply for a certificate pursuant to regulation 3.3 of the Fairfield public health code.[5] On July 21, 2000, the plaintiff appealed from the order to the state board of health pursuant to General Statutes § 19a-229,[6] but thereafter withdrew the appeal.

At trial, the defendant moved to dismiss the action, claiming that the trial court did not have jurisdiction over the matter because the plaintiff had failed to exhaust its administrative remedies. Specifically, the defendant contended that the plaintiff was required to pursue its administrative appeal and that its failure to do so deprived the court of jurisdiction. The trial court denied the defendant's motion, concluding that the

may retain the power to adopt, by ordinance, sanitary rules and regulations, but no such rule or regulation shall be inconsistent with the Public Health Code as adopted by said commissioner. In any emergency when the health of any locality is menaced or when any local board of health or director of health fails to comply with recommendations of the Department of Public Health, said department may enforce such regulations as may be required for the protection of the public health."

[4] Specifically, the plaintiff claimed that regulation 3.3 violated its constitutional rights of privacy, free speech and equal protection of the laws under the state and federal constitutions.

[5] According to the trial court file, the sheriff's return of service was filed on July 19, 2000, *after* the defendant's order had been issued. Therefore, our discussion of the exhaustion doctrine does not address the question of whether, had the order of events been reversed, the trial court could have *maintained* jurisdiction over this action.

[6] General Statutes § 19a-229 provides: "(a) Any person aggrieved by an order issued by a town, city or borough director of health may, not later than forty-eight hours after the making of such order, appeal to the Commissioner of Public Health, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order.

"(b) Notwithstanding the requirements of subsection (a) of this section, any person aggrieved by an order regarding lead paint abatement under section 19a-111c may appeal to the commissioner not later than three business days after the receipt of such order."

exhaustion doctrine did not apply because the plaintiff was attacking the validity and constitutionality of the regulation itself. The court then found that the information on the application form required by regulation 3.3 was not reasonably related to health and sanitary issues, and that the concerns of the board of health adequately were addressed by the defendant's zoning regulations.[7] Therefore, the court determined that "[r]egulation 3.3 is inconsistent with General Statutes § 19a-207 and is void." The court then noted that, although it was not going to discuss the regulation's constitutionality, the absence of any definition of "tenant" made the regulation vague. Accordingly, the court rendered judgment for the plaintiff. This appeal followed.

The defendant claims that the trial court improperly: (1) failed to dismiss the plaintiff's appeal for lack of subject matter jurisdiction for failure to exhaust administrative remedies; and (2) determined that the enactment of regulation 3.3 exceeded the powers granted to municipal health authorities pursuant to General Statutes § 19a-200 et seq.[8] We agree with the defendant's

---

[7] Specifically, the trial court addressed the six categories of information authorized by regulation 3.3 that were challenged by the plaintiff: (1) each tenant's name; (2) each tenant's age; (3) each tenant's relationship to the other tenants and landlord; (4) the total number of tenants; (5) the vehicle license plate number for each tenant; and (6) the signature of each tenant. The court determined that all of the requirements, except the fourth, did not concern a health or sanitary issue and therefore were not authorized pursuant to § 19a-207. The court noted that the fourth requirement did concern a health or sanitary issue, but that "inspections of the premises can help identify and alleviate those health concerns and the plaintiff has not objected to any inspection by any town or state agency." The court also determined that, because the certificate application did not request the tenants' ages or their relationship to each other, the issues relating to the disclosure of such information authorized by regulation 3.3 were moot.

[8] With respect to the second claim, the defendant contends that it did not exceed the powers granted to it pursuant to § 19a-200 et seq. when nothing in regulation 3.3 is inconsistent with the state's public health code; the powers of a town or its board of health are not limited to issuing regulations concerning "sanitary" conditions; and the tenant information requested on the certificate application is necessary to enforce occupancy limits, which

first claim and, therefore, do not address the second issue.

"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . *Housing Authority* v. *Papandrea*, 222 Conn. 414, 420, 610 A.2d 637 (1992); *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 622, 577 A.2d 1017 (1990); *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson*, 173 Conn. 352, 358–59, 377 A.2d 1099 (1977). We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. *Norwich* v. *Lebanon*, 200 Conn. 697, 708, 513 A.2d 77 (1986); *Cannata* v. *Dept. of Environmental Protection*, supra, [623]. [B]ecause the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff['s] claim. . . . *Housing Authority* v. *Papandrea*, supra, 420; *Concerned Citizens of Sterling* v. *Sterling*, 204 Conn. 551, 556, 529 A.2d 666 (1987) . . . ." (Internal quotation marks omitted.) *Fish Unlimited* v. *Northeast Utilities Service Co.*, 254 Conn. 1, 11–12, 756 A.2d 262 (2000).

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of adminis-

are health and sanitary issues that fall within the enumerated powers under § 19a-207.

The defendant also asserted a third claim of impropriety, namely, that the trial court improperly concluded that the regulation was void for vagueness. The defendant raises this claim because it notes that the trial court's decision "suggests" that the regulation is unconstitutionally vague. The plaintiff responds that the issue is not properly before this court because the trial court did not rule on the constitutionality of the regulation. We agree with the plaintiff. The record clearly indicates that the trial court did not rule on this issue and any discussion on the constitutionality of the regulation was dictum.

trative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. . . . *McKart* v. *United States*, 395 U.S. 185, 193, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969). . . . *Johnson* v. *Statewide Grievance Committee*, 248 Conn. 87, 95, 726 A.2d 1154 (1999). Where a statutory requirement of exhaustion is not explicit, courts are guided by [legislative] intent in determining whether application of the doctrine would be consistent with the statutory scheme. . . . [*Johnson* v. *Statewide Grievance Committee*, supra], 96; accord *McCarthy* v. *Madigan*, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Consequently, [t]he requirement of exhaustion may arise from explicit statutory language or from an administrative scheme providing for agency relief. . . . *Howell* v. *Immigration & Naturalization Service*, 72 F.3d 288, 291 (2d Cir. 1995) . . . .

"A primary purpose of the doctrine is to foster an orderly process of administrative adjudication and judicial review, offering a reviewing court the benefit of the agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review. . . . *Shortt* v. *New Milford Police Dept.*, 212 Conn. 294, 306 n.10, 562 A.2d 7 (1989); accord *Johnson* v. *Statewide Grievance Committee*, supra, 248 Conn. 95. Moreover, the exhaustion doctrine recognizes the notion, grounded in deference to [the legislature's] delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that [the legislature] has charged them to administer. *McCarthy* v. *Madigan*, supra, 503 U.S. 145; accord *Cannata* v. *Dept. of Environmental Protection*, [supra, 215 Conn. 625]. Therefore, exhaustion of remedies serves dual func-

tions: it protects the courts from becoming unnecessarily burdened with administrative appeals and it ensures the integrity of the agency's role in administering its statutory responsibilities." (Citation omitted; internal quotation marks omitted.) *Hartford* v. *Hartford Municipal Employees Assn.*, 259 Conn. 251, 281–82, 788 A.2d 60 (2002).

"The [exhaustion] doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions. . . . [W]e have recognized such exceptions only infrequently and only for narrowly defined purposes . . . *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 561, 630 A.2d 1304 (1993); *Pet* v. *Dept. of Health Services*, [207 Conn. 346, 353, 542 A.2d 672 (1988)]; such as when recourse to the administrative remedy would be futile or inadequate." (Citations omitted; internal quotation marks omitted.) *Fish Unlimited* v. *Northeast Utilities Service Co.*, supra, 254 Conn. 13. Because of the policy behind the exhaustion doctrine, we construe these exceptions narrowly. See, e.g., *O & G Industries, Inc.* v. *Planning & Zoning Commission*, 232 Conn. 419, 429, 655 A.2d 1121 (1995) (actual bias, rather than mere potential bias, of administrative body renders resort to administrative remedies futile); *Polymer Resources, Ltd.* v. *Keeney*, supra, 561 (mere conclusory assertion that agency will not reconsider decision does not excuse compliance, on basis of futility, with exhaustion requirement); *Housing Authority* v. *Papandrea*, supra, 222 Conn. 432 (fact that commissioner of housing previously indicated how he would decide plaintiff's challenge to voucher program did not excuse compliance, on ground of futility, with exhaustion requirement).

Against this background, we must decide whether the plaintiff's failure to exhaust its appellate remedies pursuant to § 19a-229; see footnote 6 of this opinion; deprived the trial court of jurisdiction. More explicitly,

we must decide whether the authority granted to the commissioner of public health to "examine into the merits of [of an appeal of an order], and [to] vacate, modify or affirm such order"; General Statutes § 19a-229 (a); would have enabled the commissioner to provide the plaintiff with the appropriate relief.

The plaintiff recognizes the exhaustion doctrine, but asserts that it is excused from compliance under exceptions to the doctrine because it was challenging the facial validity of regulation 3.3 and an administrative appeal would have been futile. Specifically, predicated on its request for declaratory and injunctive relief, the plaintiff contends that the commissioner of public health's authority does not extend to invalidating the regulation and, instead, was limited to dealing with the merits of Leffert's order. Conversely, the defendant contends that the plaintiff is attempting to have the court decide issues "specifically entrusted to the department of public health." The defendant further contends that the policy rationales underlying the exhaustion doctrine are best served by requiring the plaintiff to exhaust its administrative remedies. The issue, therefore, is whether the court has been asked to address issues entrusted to the commissioner of public health and whether the commissioner could issue appropriate relief.

We conclude that the commissioner of public health has the authority and the expertise necessary to determine whether regulation 3.3 of the Fairfield public health code exceeds the defendant's authority pursuant to § 19a-207, as the plaintiff has claimed, and to fashion an appropriate remedy. We note that the legislature has vested the commissioner of public health with expansive powers with respect to enacting and enforcing public health law, as well as overseeing the implementation and coordination of state and municipal health regulations. See General Statutes § 19a-2a. Pursuant to

§ 19a-2a, the commissioner of public health is charged with "administer[ing] all laws under the jurisdiction of the Department of Public Health and the Public Health Code." Moreover, among his duties, the commissioner "shall assist and advise local directors of health in the performance of their duties, and may require the enforcement of any law, regulation or ordinance relating to public health. When requested by local directors of health, he shall consult with them and investigate and advise concerning any condition affecting public health within their jurisdiction. . . . Whenever he determines that any provision of the general statutes or regulation of the Public Health Code is not being enforced effectively by a local health department, he shall forthwith take such measures, including the performance of any act required of the local health department, to ensure enforcement of such statute or regulation and shall inform the local health department of such measures." General Statutes § 19a-2a. The expansive list of powers and duties set forth under § 19a-2a indicates, not only the legislature's endorsement of the commissioner of public health's authority to act in a wide variety of circumstances when public health law is at issue, but also that the commissioner reasonably may be presumed to have substantial knowledge pertaining to what is reasonably necessary to effectuate these laws at the municipal level. Similarly, the commissioner is in the best position to assess whether any rule or regulation promulgated by a local health authority is "inconsistent with the Public Health Code as adopted by said commissioner." General Statutes § 19a-207.

Indeed, § 19a-229 clearly contemplates that the commissioner of public health will be faced with conflicts between, on the one hand, state laws and regulations, and, on the other hand, municipal regulations and, consistent with his authority, provides the commissioner

with the ability to cure such conflicts by vacating, modifying or affirming an order predicated on such regulations. See footnote 6 of this opinion. The effect of the commissioner's decision to vacate an order on the ground that the regulation conflicts with state law is, in essence, to render the ordinance unenforceable. Therefore, an administrative appeal in this case could have afforded the plaintiff the declaratory and injunctive relief it sought. "It is not the plaintiff's preference for a particular remedy that determines whether the remedy . . . is adequate . . . and an administrative remedy, in order to be adequate, need not comport with the plaintiff's opinion of what a perfect remedy would be." (Internal quotation marks omitted.) *Johnson* v. *Statewide Grievance Committee*, supra, 248 Conn. 104.

Finally, we note that one of the policies underlying the exhaustion doctrine is best served by requiring the plaintiff to take its ultra vires claim before the commissioner of public health. The issue of whether the regulation reasonably relates to health and sanitation concerns is a fact-bound inquiry, which the commissioner is uniquely qualified to undertake. We have explained that one purpose underlying the exhaustion doctrine is that "judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise discretion or apply its expertise." (Internal quotation marks omitted.) Id., 96; accord *Fish Unlimited* v. *Northeast Utilities Service Co.*, supra, 254 Conn. 20; see also *Schlesinger* v. *Councilman*, 420 U.S. 738, 756, 95 S. Ct. 1300, 43 L. Ed. 2d 591 (1975) (exhaustion rule "is based on the need to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors").

In the present case, the fact-finding inherent in evaluating a claimed violation has been entrusted by the

legislature to the commissioner of public health, and we see no reason to usurp his authority to handle the claim in the first instance, in order to provide an aggrieved person adequate administrative relief and to give the reviewing court the benefit of his judgment. An aggrieved party who circumvents the administrative appeal process should not be permitted to force the agency to prove in Superior Court those matters that the administrative process is designed to handle. To allow the plaintiff in this case to do so "would mean that a person who ignores the available administrative remedies could have the Superior Court act as an administrative fact finder in the first instance, whereas a person who exhausts the administrative remedies, to no avail, would be entitled in the Superior Court to only a deferential record review of the agency's actions." *Haddam* v. *LaPointe*, 42 Conn. App. 631, 638, 680 A.2d 1010 (1996).

Our reasoning in *Water Resources Commission* v. *Connecticut Sand & Stone Corp.*, 170 Conn. 27, 364 A.2d 208 (1975), although an appeal brought pursuant to the environmental protection statutes, demonstrates this concern. In *Water Resources Commission*, the plaintiff commission found, in three companion cases, that the defendant company was polluting state waters. Id., 28–29. Accordingly, the plaintiff issued orders to the defendant to abate the pollution. Id., 29. The defendant disregarded the orders and failed to pursue an administrative appeal challenging the plaintiff's orders. Id. The plaintiff then applied for a permanent injunction to restrain the defendant from maintaining its pollution practices, and the defendant, by way of special defenses, pleaded that it was not polluting state waters. Id. The trial court precluded the defendant from introducing evidence in support of its special defense, and this court affirmed the judgment of the trial court, reasoning that "[t]o allow the defendant to present at the

hearing on the application for an injunction evidence in support of its special defenses would be contrary to the obvious intent of the General Assembly as expressed in the statute providing for judicial review after administrative fact finding and would render the administrative process meaningless." Id., 32.

Nonetheless, the plaintiff here asserts that the circumstances of the present case fall within an exception to the exhaustion doctrine because it challenged regulation 3.3 as being unconstitutional. We disagree. As we have noted previously, there are recognized exceptions to the exhaustion doctrine, but "we have recognized such exceptions only infrequently and only for narrowly defined purposes." (Internal quotation marks omitted.) *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 561; *LaCroix* v. *Board of Education*, 199 Conn. 70, 79, 505 A.2d 1233 (1986). "One such exception involves a challenge to the constitutionality of the statute or regulation under which an agency operates, rather than to the actions of the board or agency. *LaCroix* v. *Board of Education*, [supra, 79 n.7]; *Friedson* v. *Westport*, 181 Conn. 230, 233, 435 A.2d 17 (1980). . . . [T]he mere allegation of a constitutional violation [however] will not necessarily excuse a [party's] failure to exhaust available administrative remedies . . . ." (Citations omitted.) *Payne* v. *Fairfield Hills Hospital*, 215 Conn. 675, 680, 578 A.2d 1025 (1990). The test is whether the appeal would be futile because the administrative agency, in this instance the commissioner of public health, lacks the authority to grant adequate relief. Id., 680 n.3. As we previously have explained, that is not the case here. Indeed, the fact that the plaintiff's ultra vires claim provided the full measure of relief sought without the trial court reaching the constitutional issue demonstrates that resort to administrative remedies would not necessarily have been futile.

Moreover, the mere fact that the plaintiff asserted a constitutional challenge over which the commissioner of public health had no jurisdiction does not obviate the need to exhaust an otherwise adequate statutory remedy. As this court has stated on several occasions, "[s]imply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available statutory appeal process. . . . [D]irect adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [statutory] procedure . . . which [the litigant] has chosen to ignore. . . . [W]e continue to limit any judicial bypass of even colorable constitutional claims to instances of demonstrable futility in pursuing an available administrative remedy." (Citation omitted; internal quotation marks omitted.) *Polymer Resources, Ltd.* v. *Keeney,* supra, 227 Conn. 563; accord *Pet* v. *Dept. of Health Services,* supra, 207 Conn. 354, 356; *LaCroix* v. *Board of Education,* supra, 199 Conn. 79.

We conclude that, by allowing the present action to proceed, the trial court allowed the plaintiff to violate the exhaustion doctrine and its policy underpinnings on an issue that clearly could have been contested in the administrative process. Because the plaintiff effectively could have obtained review of the defendant's order pursuant to § 19a-229, the plaintiff was required to do so before seeking redress in court.

The judgment is reversed and the case is remanded with direction to dismiss the action.

In this opinion the other justices concurred.