Lovejoy v. Watson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                <u>Chief Judge</u>,
                BARRINGTON D. PARKER,
                PETER W. HALL,
                                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

FLORA LOVEJOY,

    <u>Plaintiff-Appellant</u>,

    -v.-                        11-917

DONALD M. WATSON,

    <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Flora Lovejoy, <u>pro se</u>, Victor, N.Y.

FOR APPELLEE:           No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Flora Lovejoy, <u>pro se</u>, appeals from the district court's judgment dismissing her wrongful death claim, <u>sua sponte</u>, for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon <u>de novo</u> review, we conclude that the district court properly dismissed the action. The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction. Moreover, it did not specify the amount in controversy. <u>See</u> <u>Hallingby v. Hallingby</u>, 574 F.3d 51, 56 (2d Cir. 2009) ("Diversity jurisdiction exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" (alteration in original) (quoting 28 U.S.C. § 1332(a)(1))). The complaint likewise failed to invoke federal question jurisdiction: a wrongful death claim does not present a federal question. <u>Cf.</u> <u>Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 356-57 (2d Cir. 2011) (rejecting a challenge to federal subject-matter jurisdiction over a wrongful death action because non-diverse defendants were eliminated prior to final judgment). "Where jurisdiction is lacking, . . . dismissal is mandatory." <u>United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.</u>, 30 F.3d 298, 301 (2d Cir. 1994).

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
