******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SUSAN COYLE, EXECUTRIX (ESTATE OF VERMONT
O. BLAKEMAN) *v.* COMMISSIONER OF
REVENUE SERVICES
(SC 19154)

Rogers, C. J., and Palmer, Zarella, Bear and Sheldon, Js.

Argued April 21—officially released June 24, 2014

*Stephen R. Bellis*, for the appellant (plaintiff).

*Dinah J. Bee*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Susan Coyle, the executrix of the estate of Vermont O. Blakeman (decedent), brought an action against the defendant, the Commissioner of Revenue Services, seeking a declaratory judgment declaring that the retroactive application of No. 11-6, §§ 84 and 85, of the 2011 Public Acts (P.A. 11-6), to the decedent's estate violated General Statutes § 55-3, the fifth and fourteenth amendments to the United States constitution and article first, § 11, of the constitution of Connecticut. The trial court dismissed the action for lack of subject matter jurisdiction on the ground that the plaintiff had failed to exhaust her administrative remedies. The plaintiff appealed from the judgment of the trial court to the Appellate Court, claiming, inter alia, that the futility exception to the exhaustion requirement applied because she had raised a constitutional challenge that the defendant lacked authority to address. The Appellate Court affirmed the judgment of the trial court. *Coyle* v. *Commissioner of Revenue Services*, 142 Conn. App. 198, 213, 69 A.3d 310 (2013). We then granted the plaintiff's petition for certification to appeal to this court on the following issue: "Did the Appellate Court properly determine that the plaintiff's failure to exhaust administrative remedies was not excused by the 'futility doctrine?' " *Coyle* v. *Commissioner of Revenue Services*, 309 Conn. 906, 68 A.3d 659 (2013). We conclude that certification was improvidently granted and, therefore, dismiss the appeal.

The opinion of the Appellate Court sets forth the following facts and procedural history. "On May 3, 2011, the legislature passed [P.A. 11-6]. Section 84 of P.A. 11-6 amended General Statutes [Rev. to 2011] § 12-391 (g) for the estates of decedents dying on or after January 1, 2011, by lowering the estate tax threshold from $3.5 million to $2 million, and taxing estates valued between $2 million and $3.6 million at 7.2 percent. It became effective upon passage, on May 4, 2011.

"The plaintiff filed a complaint on June 20, 2011, in which she alleged that the decedent died on April 23, 2011, as a resident of Connecticut. At the time of his death, the decedent's taxable estate was in excess of $3.5 million. On May 17, 2011, the plaintiff was appointed as the executrix of the decedent's estate. The plaintiff additionally alleged that the retroactive portion of P.A. 11-6, § 84, was a violation of . . . § 55-3, the fifth and fourteenth amendments to the United States constitution and article first, § 11, of the constitution of Connecticut. She sought a declaratory judgment that the retroactive applicability of § 12-391 [as amended] amounted to an unconstitutional taking of the plaintiff's property.

"The defendant filed a motion to dismiss for lack of subject matter jurisdiction arguing, in relevant part, that

the plaintiff had failed to exhaust her administrative remedies. The court found that there were administrative remedies available to the plaintiff, that she had failed to avail herself of them, and that the futility exception to the exhaustion of administrative remedies doctrine did not apply. Accordingly, it rendered judgment in favor of the defendant." (Footnote omitted.) *Coyle* v. *Commissioner of Revenue Services*, supra, 142 Conn. App. 200–201.

The plaintiff appealed to the Appellate Court, which agreed with the defendant's claim that he could have granted relief to the plaintiff if she had pursued her administrative remedies.[1] Id., 213. The Appellate Court concluded that, "[w]here there is a statutory grant of authority that would allow an agency to award the relief sought without deciding a constitutional question, the futility exception will not apply, and a plaintiff will be required to exhaust her administrative remedies. See *Owner-Operators Independent Drivers Assn. of America* v. *State*, 209 Conn. 679, 688–89, 553 A.2d 1104 (1989) . . . ." (Citations omitted.) *Coyle* v. *Commissioner of Revenue Services*, supra, 142 Conn. App. 208–209. Accordingly, the Appellate Court affirmed the judgment of the trial court. Id., 213.

This appeal followed. After oral argument, this court ordered the parties to submit supplemental briefs on the following questions: "(1) Does the 'futility' exception to the doctrine of exhaustion of administrative remedies apply, in the context of this case, when the [plaintiff] has alleged in her complaint that [P.A.] 11-6, § 84 (g) (3), should not be applied retroactively because it is in violation of General Statutes § 55-3, which states '[n]o provision of the General Statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation shall be construed to have a retrospective effect'? In other words, based on this allegation, did the [defendant] have the authority to grant adequate relief and thus the resort to administrative remedies would not have been necessarily futile? See *Stepney, LLC* v. *Fairfield*, 263 Conn. 558, 570 [821 A.2d 725 (2003)]."; and "(2) To the extent that this court held in *Owner-Operators Independent Drivers Assn. of America* v. *State*, [supra, 209 Conn. 679], that, even when all claims made by a party are of a constitutional nature, the party must exhaust administrative procedures before the party may bring an independent action in the Superior Court, should that case be overruled?"

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted. Accordingly, we leave for another day the question of whether this court's decision in *Owner-Operators Independent Drivers Assn.*

*of America* v. *State*, supra, 209 Conn. 679, should be overruled.

 The appeal is dismissed.

[1] The defendant claimed that "there were three ways in which the plaintiff could have obtained the relief that she sought, namely, an exemption of the payment of estate taxes on the decedent's estate between $2 million and $3.5 million. Under the first two methods, the plaintiff could have paid the tax and sought a refund pursuant to [General Statutes] § 12-550 or refused to pay the tax and allowed the defendant to impose a deficiency assessment pursuant to [General Statutes] § 12-548. With either scenario, the plaintiff then could have appealed to the defendant, and then to the Superior Court, pursuant to [General Statutes] §§ 12-553 and 12-554. Under the third method, the plaintiff could have petitioned the defendant for a declaratory ruling pursuant to General Statutes § 4-176. After the resolution of the petition, the plaintiff then could have brought a declaratory judgment action in the Superior Court. See General Statutes § 4-175." *Coyle* v. *Commissioner of Revenue Services*, supra, 142 Conn. App. 208.

————————————————