12-4878-cv
*Holt v. Town of Stonington*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2013

Argued: November 5, 2013
Decided: August 29, 2014

No. 12-4878-cv

———————————————————————

CAROL HOLT,
*Plaintiff-Appellee,*

- v. -

TOWN OF STONINGTON,
*Defendant-Appellant,*

ZONING BOARD OF APPEALS, TOWN OF STONINGTON,
PLANNING & ZONING COMMISSION, TOWN OF STONINGTON,
JOSEPH LARKIN, ZONING ENFORCEMENT OFFICER OF TOWN OF STONINGTON,
*Defendants.*

———————————————————————

Before:     NEWMAN, HALL, and LIVINGSTON, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the District of

Connecticut (Hall, *C.J.*), entered July 31, 2012, following a bench trial. The district

court awarded an injunction to plaintiff-appellee Carol Holt based on a claim of

municipal estoppel against the Town of Stonington, Connecticut. Because Holt failed to exhaust available administrative remedies before filing this suit, however, we conclude that the district court lacked subject matter jurisdiction over the case. Accordingly, we vacate the judgment and instruct the district court to dismiss Holt's complaint.

VACATED and REMANDED with instructions to dismiss the complaint without prejudice.

> KEVIN M. TIGHE, Coventry, CT, *for Defendant-Appellant*.
>
> WILLIAM E. MURRAY, Gordon & Rees LLP, Glastonbury, CT, *for Plaintiff-Appellee.*

PER CURIAM:

Plaintiff-appellee Carol Holt ("Holt") filed this diversity suit seeking equitable relief to prevent defendant-appellant Town of Stonington, Connecticut (the "Town" or "Stonington"), from denying her the ability to build on a lot of land that she owns in the Town. The district court (Hall, *C.J.*) granted Holt an injunction to this effect following a bench trial. Under Connecticut law, however, a plaintiff must first exhaust available and adequate administrative remedies before she may receive judicial relief in a zoning dispute. On appeal to this Court, the Town argued in its

2

reply brief that Holt did not avail herself of state law proceedings to seek relief concerning her property's zoning status before she filed her municipal estoppel claim in federal court. After considering supplemental briefing from the parties on this issue, we conclude that Holt failed to exhaust her administrative remedies as required by Connecticut law. As a result, the district court lacked jurisdiction over this case. We vacate the judgment and remand with instructions to dismiss the complaint.

I.

Holt is the owner of an unimproved lot in Stonington, Connecticut, which she purchased in 2005. Under the Town's zoning regulations, a lot must conform with certain minimum area requirements in order to be used as residential property. However, under certain conditions, the regulations permit the building of a single-family residence on undersized lots of land whose development predated the adoption of the zoning regime.

Early in 2005, prior to Holt's purchase of the lot, a Stonington zoning enforcement officer informed the prior owner in an opinion letter (the "2005 opinion letter") that the property could be suitable for building a single-family residence. On the basis of the 2005 opinion letter, Holt purchased the property in May 2005

with the understanding that she could build a house on the lot. Soon afterward, she submitted to Stonington zoning authorities an application for a zoning permit.

As reflected in the Town's public records, Holt's lot had been altered by a sale of a ten-foot strip of land to the owner of a neighboring property in 1981, an alteration the existence (or significance) of which was apparently overlooked by the Stonington zoning enforcement officer who prepared the 2005 opinion letter. A neighbor who objected to Holt's development of the lot attempted to appeal the 2005 opinion letter to the Town's zoning board of appeals. After resulting delays in the permitting process, Holt withdrew her permit application in January 2006, before the Town had acted on it.

Later, the zoning board of appeals overturned the zoning officer's 2005 opinion letter, deciding on the basis of the 1981 alteration to the property that Holt was precluded from building on the lot because it did not conform with the zoning regulations. Holt then filed an action to appeal the zoning board's decision in Connecticut state court. On appeal from the dismissal of her action by the trial court, the state appellate court determined that the 2005 opinion letter was a "preliminary, advisory opinion and not a decision subject to appeal." *Holt v. Zoning Bd. of Appeals*, 968 A.2d 946, 955 (Conn. App. Ct. 2009). The court thus concluded

that the zoning board of appeals lacked jurisdiction to review the 2005 opinion letter, as it was not an appealable decision. *Id.*[1]

In December 2009, Holt filed the instant suit in federal court seeking, *inter alia*, an order to estop the Town from preventing Holt from building on the lot. After ruling on two motions to dismiss and motions for summary judgment, the district court conducted a bench trial and ultimately entered an injunction estopping the Town "from determining that the [property in question] is unbuildable under the Town's zoning regulations." J.A. 885.

## II.

"A federal court's lack of subject matter jurisdiction is not waivable by the parties, and we must address jurisdictional questions before reaching the merits." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). Under Connecticut law, a failure to exhaust administrative remedies is a defect that deprives the court of subject matter jurisdiction to act in the case. *Hous. Auth. v. Papandrea*, 610 A.2d 637, 640 (Conn. 1992). "The doctrine of exhaustion is grounded

[1] In 2008, the same zoning enforcement officer sent a letter to Holt purporting officially to revoke the 2005 letter. Holt filed an appeal with the zoning board challenging the zoning officer's determination in this new letter. The zoning board, however, rejected that appeal on the ground that the 2008 letter was not related to any permit application, and was therefore not an appealable decision.

5

in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." *Concerned Citizens of Sterling v. Town of Sterling*, 529 A.2d 666, 670 (Conn. 1987). "It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." *Simko v. Ervin*, 661 A.2d 1018, 1021 (Conn. 1995) (internal quotation marks omitted). Moreover, "judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise discretion or apply its expertise." *Johnson v. Statewide Grievance Comm.*, 726 A.2d 1154, 1159 (Conn. 1999) (internal quotation marks omitted). "In the absence of exhaustion of [an administrative] remedy, the action must be dismissed." *Garcia v. City of Hartford*, 972 A.2d 706, 710 (Conn. 2009) (internal quotation marks omitted).

Connecticut courts recognize exceptions to the exhaustion requirement "only infrequently and only for narrowly defined purposes." *Stepney, LLC v. Town of Fairfield*, 821 A.2d 725, 730 (Conn. 2003) (internal quotation marks omitted). Included among the exceptions "grudgingly carved" by the Connecticut courts are instances where "recourse to the administrative remedy would be demonstrably

futile or inadequate." *Hunt v. Prior*, 673 A.2d 514, 521 (Conn. 1996) (internal quotation marks omitted). "[A]n administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." *O&G Indus., Inc. v. Planning & Zoning Comm'n*, 655 A.2d 1121, 1125-26 (Conn. 1995). "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." *Simko*, 661 A.2d at 1023 (internal quotation marks omitted).

## III.

Holt failed to exhaust available administrative remedies before filing this case. She withdrew her application for a zoning permit before Stonington zoning officials had acted on the application. Further, the letter issued (and later revoked) by the Stonington zoning officer did not constitute a decision by administrative officials; the state court held that this letter responded to a "hypothetical situation" and was "not a decision from which a landowner can appeal." *Piquet v. Town of Chester*, 49 A.3d 977, 984-85 (Conn. 2012) (discussing with approval the Connecticut Appellate Court's decision in *Holt*, 968 A.2d 946). Rather, the "final determination that a single-family residence could be constructed on the plaintiff's lot is made by the

issuance of appropriate permits, such as a building permit or a certificate of zoning compliance." *Holt*, 968 A.2d at 951. But instead of "appeal[ing] from a future denial" of such administrative action, *Piquet*, 49 A.3d at 985, Holt instituted the present lawsuit in federal court shortly after her attempt to overturn the decision of the zoning board of appeals was rejected by the state court.

Holt argues that she was not required to exhaust administrative remedies, or that exhaustion would have been inadequate or futile. We disagree. First, it is clear under Connecticut law that a plaintiff must exhaust available administrative remedies before she can file a claim for judicial relief in a zoning dispute. "[T]he requirement of exhaustion may arise . . . from an administrative scheme providing for agency relief." *City of Hartford v. Hartford Mun. Emps. Ass'n*, 788 A.2d 60, 79 (Conn. 2002) (internal quotation marks omitted). There is no dispute that an administrative process governing the issuance and denial of zoning permits and appeals from such permitting decisions exists in Stonington. *See Levine v. Town of Sterling*, 16 A.3d 664, 669-70 (Conn. 2011) (ruling that further administrative exhaustion was not required where "at the time the plaintiff would have appealed from" a zoning official's decision, "the town did not have a zoning board of appeals in place" and the plaintiff otherwise "lacked any administrative remedies with

8

which to appeal"); *see also, e.g., Simko*, 661 A.2d at 503-04; *O&G Indus.*, 655 A.2d at 1124-25.

Second, Holt says the administrative process could not have granted her the equitable relief she sought – the estoppel of the Town's ability to change its position on whether her lot could permissibly be built upon. But Holt's ultimate objective is to obtain approval to build a house on the lot, and she has not alleged that the Stonington zoning authorities were without the power to grant her that relief.[2] Thus, there is no evidence that the administrative remedies available through the normal zoning process could not both "provide the plaintiff with the relief that [she] seeks" and permit "judicial review of the administrative decision." *O&G Indus.*, 655 A.2d at 1125-26. We reject Holt's contention that administrative remedies are inadequate because a type of remedy she seeks, rather than the relief itself, would be unavailable in an administrative proceeding. "It is not the plaintiff's preference for a particular remedy that determines whether the remedy is adequate." *Hunt*, 673

---

[2] Indeed, in 2011 Holt sought a variance from the zoning requirements that would permit her to build on the property, but her application was denied. The record does not indicate the basis for the denial. Holt does not argue to this Court that the denial of the variance application exhausted her administrative remedies. Even were she to do so, we also note in this regard that the application for a variance was filed a year and a half after this action was commenced in the district court in late 2009.

A.2d at 522 (internal quotation marks and ellipsis omitted); *see also Papandrea*, 610 A.2d at 641 ("[A] claim for injunctive relief does not negate the requirement that the complaining party exhaust administrative remedies.").

Third, Holt has not shown that it would be futile to apply to the administrative authorities for authorization to build on the lot in question. "[F]utility is more than a mere allegation that the administrative agency might not grant the relief requested." *Johnson*, 726 A.2d at 1163 (internal quotation marks omitted); *see also Concerned Citizens of Sterling*, 529 A.2d at 671 ("[W]e have never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement."). The Connecticut courts have held that a party's suspicion of "bias on the part of a zoning commission," based on members' allegedly hostile comments, "does not render pursuit of administrative remedies futile." *Simko*, 661 A.2d at 1023 (citing *O&G Indus.*, 655 A.2d at 1127)). Although Holt alleged that Town officials displayed an "appearance of partiality and impropriety" at a public zoning hearing, she has not overcome the "presumption . . . that administrative board members acting in an adjudicative capacity are not biased" by showing "actual bias, rather than mere potential bias." *O&G Indus.*, 655 A.2d at 1127 (internal quotation marks omitted).

10

Moreover, even the fact that a zoning officer may have "previously indicated how he would decide [a] plaintiff's challenge" to a state administrative process "[does] not excuse compliance, on ground of futility, with [the] exhaustion requirement." *Stepney, LLC*, 821 A.2d at 730 (citing *Papandrea*, 610 A.2d at 646). Holt has failed to establish that her pursuit of process through the municipal zoning system "could not result in a favorable decision and invariably would result in further judicial proceedings." *Simko*, 661 A.2d at 1023 (internal quotation marks omitted).

Even if Holt were to assert that she exhausted administrative remedies after the filing of her suit,[3] this would be immaterial to our conclusion. The Connecticut Supreme Court has "recognized on multiple occasions that an aggrieved party must exhaust its administrative remedies *before* it may seek judicial relief." *Fairchild Heights Residents Ass'n v. Fairchild Heights, Inc.*, 82 A.3d 602, 613 (Conn. 2014) (emphasis in original); *accord Republican Party of Conn. v. Merrill*, 55 A.3d 251, 258 (Conn. 2012) (concluding that "*prior to bringing* an action," a plaintiff is "required to exhaust its administrative remedies" (emphasis added)); *Simko*, 661 A.2d at 1021

---

[3] For instance, Holt might have asserted that she exhausted available administrative remedies by seeking a variance in 2011. However, the record regarding any administrative process following the filing of the complaint was not developed here, and we make no determination as to whether any such action sufficed to exhaust Holt's administrative remedies under Connecticut law.

11

("[I]f an adequate administrative remedy exists, it must be exhausted *before* [a court] will *obtain jurisdiction to act* in the matter." (emphasis added)).

IV.

Because a failure to exhaust can be remedied through the pursuit of administrative process, "a dismissal for failure to exhaust available administrative remedies should be 'without prejudice.'" *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009). For the foregoing reasons, the judgment of the district court is VACATED and the case REMANDED with instructions to dismiss the complaint without prejudice.