Jose ADAMES, Plaintiff,

v.

Tunde A. TAJU, Defendant.

No. 15–CV–0288 (MKB).

United States District Court, E.D. New York.

Signed Jan. 23, 2015.

---

Jose Adams, Corona, NY, pro se.

## MEMORANDUM & ORDER

MARGO K. BRODIE, District Judge:

On January 15, 2015, Plaintiff Jose Adames, proceeding *pro se*, filed the above-captioned action against Defendant, alleging that Defendant breached a February 28, 2008 contract. He seeks $135,000.00 plus interest, costs and disbursements. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The Complaint is dismissed for the reasons set forth below.

## I. Background

Plaintiff is a New York resident, currently residing in Corona, New York. (Compl. ECF No. 1 ¶ 1.)[1] Defendant

---

**1.** For the purposes of this Memorandum and Order, the Court will refer to the Complaint and the documents annexed to the Complaint as the "Complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004) ("A complaint is deemed to include any written instrument at-tached to it as an exhibit." (citing Fed. R.Civ.P. 10(c))). For ease of reference the Court refers to the electronic case filing (ECF) page numbers. Citations to paragraphs, when included, are to the paragraphs as numbered in the Complaint.

Tunde A. Taju is alleged to both reside at and have a "principal place of business" in Central Islip, New York. (*Id.* at ECF No. 1 ¶ 2, ECF No. 4.) In late February 2008, Plaintiff and Defendant entered into a written agreement concerning Defendant's oil exchange business. (*Id.* at ECF No. 1 ¶ 3.) Pursuant to the agreement, Plaintiff gave Defendant $100,000.00 in cash, and later an additional $35,000.00.[2] (*Id.* at ECF No. 1 ¶ 3, ECF No. 3). Defendant executed a one-year promissory note agreeing to pay Plaintiff $100,000.00 in cash on or before March 1, 2009. (*Id.* at ECF No. 1 ¶¶ 3–4, ECF No. 4.) Plaintiff alleges that Defendant has breached the contract and failed to pay him any of the money due to him. (*Id.* at ECF No. 1 ¶ 5, ECF No. 3.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the

court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.2007).

### b. Lack of Subject Matter Jurisdiction

"A federal court's lack of subject matter jurisdiction is not waivable by the parties, and we must address jurisdictional questions before reaching the merits." *Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir.2014) (internal quotations and citation omitted). Lack of subject matter jurisdiction may be raised at any time by a party or by the Court *sua sponte*. *Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir.2009). Where a court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *see also* Fed. R.Civ.P. 12(h)(3).

### i. Federal Question Jurisdiction

On the cover sheet accompanying the filing in this action, Plaintiff listed "federal-question" as the basis of jurisdiction in this action. (Docket Entry No. 1 at ECF No. 5.) In the absence of diversity jurisdiction, federal-question jurisdiction is required. *Caterpillar Inc. v. Williams*, 482

---

2. In the Complaint, Plaintiff consistently references $35,000 but in one instance says "Thirty Thousand Dollars ($35,000)." (*See* Compl. ECF No. 1 ¶ 3.)

468

U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Federal-question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general rule, a suit brought under state law "is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir.2005). Thus, the "well-pleaded complaint" rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (quoting *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).

■ The Court may not exercise federal-question jurisdiction over the Complaint as currently stated. Despite a liberal reading of the Complaint, Plaintiff's claim regarding breach of contract is based in state law. There is nothing on the face of Plaintiff's Complaint to suggest that Defendant violated any federal statute, or that any question involving the Constitution, laws, or treaties of the United States is at all implicated by his claim. *See Beneficial Nat'l Bank*, 539 U.S. at 12, 123 S.Ct. 2058.

### ii. Diversity Jurisdiction

■ The other conceivable ground for jurisdiction would be diversity of citizenship. Diversity jurisdiction gives federal district courts jurisdiction over suits where plaintiff and defendant are of diverse citizenship,[3] and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (diversity jurisdiction exists "between, *inter alia*, 'citizens of a State and citizens or subjects of a foreign state.'") (quoting 28 U.S.C. § 1332(a)). There is no diversity jurisdiction in this action, because Plaintiff and Defendant both reside in New York State. *See Lovejoy v. Watson*, 475 Fed.Appx. 792 (2d Cir.2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction.")

The Complaint against Defendant is dismissed because Plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. First, the claim sounds in state law. Second, the pleadings show that the parties are not diverse: Plaintiff concedes that Plaintiff and Defendant are both domiciled in New York State, (Compl. ECF No. 1 ¶ 1), and makes no further allegations regarding citizenship. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir.1983); *see also* Fed. R.Civ.P. 12(h)(3).

### c. Leave to Amend

In light of Plaintiff's *pro se* status, he is afforded an opportunity to amend his Complaint within thirty (30) days of the date of this Order. Should Plaintiff elect to amend his Complaint he must allege facts which would support a finding of subject matter jurisdiction.

**3.** "[E]xcept that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).

### III.  Conclusion

Plaintiff is granted leave to amend the Complaint.  The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within 30 days as directed by this order, the Court shall dismiss this Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).