Laquer v. Priceline Grp., Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
   <u>Circuit Judges</u>.



- - - - - - - - - - - - - - - - - - - - -X
RICHARD LAQUER,
on behalf of himself and all others similarly situated,
   <u>Plaintiff-Appellant</u>,

  **-v.-**           **17-1229**

PRICELINE GROUP, INC.,
   <u>Defendant-Appellee</u>.[1]
- - - - - - - - - - - - - - - - - - - - -X

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**　　　　ANTON J. RUPERT (Geren T. Steiner, <u>on the brief</u>), Rupert & Steiner PLLC; Oklahoma City, OK.

**FOR DEFENDANT-APPELLEE:**　　　　KIM E. RINEHART (Tadhg Dooley, <u>on the brief</u>), Wiggin and Dana LLP; New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Richard Laquer appeals from the judgment of the district court for the District of Connecticut (Arterton, <u>J.</u>) dismissing his Complaint under Rule 12(b)(1), for lack of prudential standing.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Priceline Group, Inc. ("Priceline") offers a "Name Your Own Price" service for car reservations: customers may submit a price for a class of vehicle on a certain date, time and location, which Priceline matches to a rental car company willing to accept the offer.  To obtain a reservation, customers must agree to Priceline's terms and conditions, including that the "[r]ental cars are non-refundable, non-transferable and non-changeable even if the reservation is not used."  App'x 82.  Laquer submitted a request for a rental car reservation in San Francisco on June 7, 2015 and obtained a match with Hertz; the total charge for the reservation would be $54.05 per day, including $35 for the car and a $19.05 charge for "Taxes and Fees."  Laquer failed to pick up the car at the appointed date and time.  He filed the instant action asserting claims for unjust enrichment and "false representation" with respect to the taxes and fees portion of the total charge on the ground that the money collected was not a tax because he never

consummated the car rental. [2]

We review <u>de novo</u> a district court's granting of a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), <u>Allco Finance Ltd. v. Klee</u>, 805 F.3d 89, 92 (2d Cir. 2015), accepting as true all factual allegations contained in the complaint and drawing all inferences in the plaintiff's favor. <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 306 (2d Cir. 2015).

Standing includes "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." <u>Rajamin v. Deutsche Bank Nat'l Trust Co.</u>, 757 F.3d 79, 84 (2d Cir. 2014) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). The "prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." <u>Warth</u>, 422 U.S. at 509. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Id.</u> at 499.

Laquer argues that Priceline collected taxes for the purposes of the car reservation, but that Priceline failed to remit or cause Hertz to remit those taxes to the state of California. He alleges in the Complaint and the FAC that Priceline thereby violated § 6204 of the California Revenue and Taxation Code, which concerns the "use tax" imposed on consumers using tangible personal property in the state. Section 6204 provides that

> [t]he tax required to be collected by the retailer and any amount unreturned to the customer which is not tax but was collected from the customer under the representation by the retailer that it was tax *constitutes debts owed by the retailer to this state*.

Cal. Rev. & Tax. Code § 6204 (emphasis added). Assuming <u>arguendo</u> that the amounts Laquer seek to recover was a tax that was not in fact due, those amounts constitute a debt owed to the State of California, and it is the State, not

---

[2] False representation is not a cognizable cause of action. Laquer's First Amended Complaint ("FAC") repleaded the purported false representation as a claim for fraudulent misrepresentation.

Laquer, who would be injured and entitled to recovery. Laquer's claim seeking a refund of the tax in federal court therefore violates "the prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Warth, 422 U.S. at 509.

Laquer argues on appeal that the district court erred in relying on § 6204 to the exclusion of § 6901.5, which concerns "tax reimbursement payments" collected by retailers to offset their own sales tax payments. Even if § 6901.5 were to apply to Laquer's claim (which we do not hold), the provision does not allow Laquer to seek relief in federal court.

The California state tax code "provides the exclusive means by which [a] dispute over the taxability of a retail sale may be resolved." Loeffler v. Target Corp., 324 P.3d 50, 54 (Cal. 2014). "[T]he administrative tax refund procedures enacted by the Legislature are to be strictly enforced," and "courts may not expand the methods for seeking tax refunds expressly provided by the Legislature." McClain v. Sav-on Drugs, 215 Cal. Rptr. 3d 416, 425 (Cal. App. 2nd Dist. 2017) (citations, internal quotation marks, and alterations omitted). The California Supreme Court describes those procedures:

> [W]ith respect to excess reimbursement charges, section 6901.5 contemplates that it is for the Board [of Equalization] to ascertain under its normal procedures whether any mistake has been made. If the matter is not raised through an audit or a deficiency determination, it is for the taxpayer [i.e., the retailer] to claim a refund from the Board, which may in turn require the taxpayer to refund excess reimbursement to consumers. Again, section 6901.5 confirms that binding decisions on such disputes are committed to the Board in the first instance, with the *taxpayer* as the party with standing to make a claim for a refund. . . . [T]he consumer lacks standing in disputes over the application of the tax law to particular transactions.

Loeffler, 324 P.3d at 78 (emphasis in original).

4

Laquer's claim is dependent on resolving a "taxability" question: namely, whether a nonrefundable car reservation is a taxable transaction if the consumer does not consummate the reservation. But because Laquer is the consumer, rather than the taxpayer, he is not the proper party to assert this claim under California law.[3] Accordingly, Laquer lacks prudential standing whether he brings the claim pursuant to § 6204 or § 6901.5.

Laquer's claim must be dismissed for the additional reason that he has failed to comply with a mandatory state-law administrative remedy. See Holt v. Town of Stonington, 765 F.3d 127, 130 (2d Cir. 2014). The California tax code "contemplates that the method by which the *taxability of a sale* may be challenged and determined is through an audit or deficiency determination made by the Board, or through a taxpayer's refund claim before the Board, followed by judicial review of the Board's decision." Loeffler. 324 P.3d at 77 (emphasis in original). If the applicable tax is a use tax, then Lacquer might seek a refund by presenting his receipt to the Board under the refund provision of § 6901. See Cal. Rev. & Tax. Code § 6901. If the applicable tax is a sales tax, then Loeffler holds that Lacquer's exclusive remedy would be to request the Board to "ascertain" whether he has been charged excessive reimbursement. Loeffler, 324 P.3d at 74. In any event, Lacquer must exhaust his administrative remedies before the Board before he may bring an action in court. Id. at 64.

---

[3] Loeffler notes that in certain limited circumstances, a consumer may file an action compelling a taxpayer to seek a refund. 324 P.3d at 74. This remedy is available only if "(1) the person seeking the new tax refund remedy has no statutory tax refund remedy available to it, (2) the tax refund remedy sought is not inconsistent with existing tax refund remedies, and (3) the Board has already determined that the person seeking the new tax refund remedy is entitled to a refund, such that the refusal to create that remedy will unjustly enrich either the taxpayer/retailer or the Board." McClain, 215 Cal. Rptr. 3d at 420. Laquer does not allege that the Board has already determined that he is entitled to a refund, and there is therefore no ground to conclude that his claim falls within the narrow set of circumstances under which a consumer may file an action against a retailer for a tax refund.

We have considered Laquer's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK